

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

April 16, 2021

**Via ECF**
The Honorable Judge Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Alvarez v. Delicias Tropical Restaurant Inc., et al.**
     **20-CV-3224 (LDH)(LB)**

Dear Judge Bloom:

Our office represents Evelyn Alvarez ("Plaintiff"). We submit this letter motion jointly with counsel for Delicias Tropical i/s/h/a Delicias Tropical Restaurant Inc. and Maria Galvis i/s/h/a Maria Galbis (collectively, "the Defendants"), requesting the Court's approval of the parties' settlement agreement as reasonable and fair and dismiss this case with prejudice.[1] The Settlement Agreement, attached hereto as **Exhibit 1**, was achieved through the parties' Court-annexed mediation held on March 12, 2021 before James A. Brown, Esq. and after approximately four hours of negotiation.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiff's counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement and dismiss this case with prejudice.

I.   **The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

   a.   **The Settlement Amount**

The parties agreed to resolve all claims asserted in this action, including Plaintiffs' counsel's attorneys' fees, for the total amount of $25,000.00 in one payment following Court approval of the Settlement Agreement.

---
[1] Please note that Defendants Marina Palma and Sulma Musa, have not answered or otherwise appeared in this matter.

### b. Plaintiffs' Position

Plaintiff is a former employee of Defendant Delicias Tropical. Plaintiff brought this action alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiff alleged that she was employed by Defendants as a waitress for approximately eleven months. Plaintiff further alleged that she worked approximately 66 hours per week but that she was paid a flat daily rate that did not properly compensate her for overtime hours. Plaintiff also alleged that her daily rate of $50.00 resulted in her being paid below the applicable New York State minimum wage rate.

Lastly, Plaintiff alleged that she was compensated by cash payments and was entitled to recovery under NYLL §195 for Defendants' failure to provide proper wage notices and wage statements.

Although Plaintiff was confident that she could succeed on all of her claims at trial, Plaintiff recognized the risks of continuing litigation. For one, Plaintiff considered the potential weight of the records provided by Defendants, despite disputing the accuracy of those records. Additionally, Plaintiff recognized the factual disputes as to the dates of her employment and her alleged number of hours worked each week. That these factual disputes would not have been resolved until the time of trial, at an uncertain date in the distant future, favored Plaintiff's decision to resolve her claims at mediation and recover a sum certain shortly after Court approval of the Settlement Agreement.

### c. Defendants' Position

Defendant Delicias Tropical is a small restaurant with no more than six to seven employees during the time in issue herein. Defendant Maria Galvis is a former part-owner of Delicias Tropical. The plaintiff was employed as waitstaff at Delicias Tropical, a tipped employee position from on or about January 15, 2019, to on or about November 14, 2019.

Defendants deny Plaintiff's allegations of violation of FLSA and NYLL. Defendants submitted pre-answer discovery to Plaintiff comprising of (1) a copy of the Plaintiff's executed wage notice and (2) copies of the Plaintiff's executed time-cards evincing (a) the number of hours worked by the Plaintiff per day, (b) the daily flat rate, plus (c) all tips earned per day. Additionally, the executed time-cards contained evidence of the increments made to the Plaintiff's daily flat rate, contradicting Plaintiff's allegation that her daily rate was $50.00.

Based on these records, parties engaged in the Court-annexed mediation.

Notwithstanding the factual and legal defenses that Defendants believe are applicable in this matter, Defendants determined that they preferred to amicably conclude the instant litigation while taking into account the cost and time associated with the ongoing defense of this case. Additionally, Defendants have taken into account the uncertainty and risks inherent in any litigation.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter for $25,000.00. The parties believe that this amount is reasonable considering Plaintiff's claims and the defenses maintained by Defendants in this matter and the fact that the terms of the Settlement Agreement were achieved following four hours of negotiation with the assistance of an experienced and highly qualified wage-and-hour neutral selected from the Court's mediation panel.

The parties had genuine, bona fide disputes over the number of hours worked by Plaintiff, the wages paid to Plaintiff and the dates of Plaintiff's employment, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement.

### II.   The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 2 of the Settlement Agreement ("Release") is narrowly-tailored to claims under the FLSA and NYLL. The Release does not raise any concerns regarding unequal bargaining power between Plaintiff and Defendants and the Release is not overbroad such that there is a concern that Plaintiff is releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiff from openly discussing her experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III. Distribution to the Plaintiff and Requested Attorneys' Fees and Expenses

#### a. Distribution to the Plaintiff

The parties agreed to a global settlement of $25,500.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiff will recover $16,030.00.

#### b. Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $956.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $400.00
- the costs of service of the Summons and Complaint on all Defendants in this matter: $256.00
- the cost of the Court-annexed mediation held on March 12, 2021: $300.00

Plaintiff's counsel respectfully requests one-third of the settlement less their identifiable expenses ($24,044.00), or $8,014.00 in attorneys' fees, as agreed upon in the Plaintiff's retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $8,970.00.

**Settlement Amount:** $25,000.00
**Attorneys' Expenses:** $956.00
**Settlement less Expenses:** $24,044.00 ($25,000.00 - $956.00)
**Requested Attorneys' Fees:** $8,014.00 ($24,044.00 / 3)
**Total payable to Attorneys:** $8,970.00 ($8,014.00 + $956.00)
**Total payable to Plaintiff:** $16,030.00 ($25,000.00 - $8,970.00)

Plaintiff's attorneys and their client have a retainer agreement that is reduced to writing and signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiff's counsel throughout the litigation of this matter and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff. As a check on Plaintiff's requested contingency fee, we provide Plaintiff's counsel's contemporaneous time records, lodestar calculation and qualifications attached hereto as **Exhibit 2**.

**IV.     Closing**

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of careful negotiation between experienced counsel with the assistance of an experienced and qualified neutral and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Settlement Agreement.

We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

_____
James O'Donnell, Esq.