UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EVELYN ALVAREZ, *individually and*
*on behalf of all others similarly situated*,

                        Plaintiff,                      **REPORT AND RECOMMENDATION**
                                                        20 CV 3224 (LDH)(LB)

      -against-

DELICIAS TROPICAL RESTAURANT INC.,
and MARINA PALMA, SULMA MUSA, and
MARIA GALBIS, *as individuals*,

                        Defendants.
-------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq. and the New York Labor Law ("NYLL") §§ 190, 651 et. seq. alleging defendants failed to pay her the requisite minimum wage, overtime wages, spread of hours wages and failed to provide her required wage notices. Compl. ¶¶ 2, 54-87, ECF No. 1. The Honorable LaShann DeArcy Hall referred the parties' motion for settlement approval to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons stated herein, it is respectfully recommended that the parties' motion for settlement approval should be granted.

**BACKGROUND AND PROCEDURAL HISTORY**

        Plaintiff Evelyn Alvarez was employed by defendants from approximately January 2019 through November 2019 as a waitress at Delicias Tropical Restaurant. Compl. ¶¶ 8, 32-33. Throughout her employment, plaintiff alleges she worked approximately sixty-six hours per week and was paid $50 per day. Id. ¶¶ 34-35. Plaintiff claims she did not receive minimum wage or overtime pay, in violation of the FLSA and the NYLL. Id. ¶¶ 36-37. Although plaintiff worked at

least eleven hours a day, six days a week, she alleges defendants failed to provide her with required spread of hours pay. Id. ¶ 38. She also claims defendants failed to post wage notices or keep payroll records. Id. ¶¶ 39-40.

Plaintiff commenced this action on July 17, 2020 alleging that defendants failed to pay her proper wages under the FLSA and the NYLL and failed to provide proper wage notices.[1] Id. ¶¶ 54-87. Although defendants never answered the complaint, the parties engaged in a mediation through the Court-annexed mediation program on March 12, 2021 and reached a settlement.[2] ECF No. 14. The parties now move for Court approval of their settlement agreement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d. Cir. 2015). In support of the motion, plaintiff provides the parties' joint letter motion requesting court approval of the settlement (Mot. Settle., ECF No. 16); a copy of the fully executed settlement agreement (Settle. Agreement, ECF No. 16-1); a copy of plaintiff's counsel's billing records and attorney qualifications (ECF No. 16-2); and a copy of receipts for counsel's expenses (ECF No. 17).

## DISCUSSION

**I. Standard for Settlement Approval**

Pursuant to Cheeks v. Freeport Pancake House, Inc., "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." 796 F.3d 199, 206 (2d Cir. 2015). This approval requirement is intended to safeguard the FLSA's core objective of ensuring that all workers receive a fair wage. Id. (quoting A.H. Phillios, Inc. v. Walling, 324 U.S. 490, 493 (1945)). Review also furthers the FLSA's remedial purpose, namely preventing abuse while accounting

---

[1] Plaintiff commenced this case as a purported collective action, however, the collective was never certified and plaintiff proceeds here individually. Mot. Settle., ECF No. 16.
[2] Although defendants Delicias Tropical Restaurant Inc. and Maria Galbis appeared in this matter through counsel, defendants Marina Palma and Sulma Musa never appeared.

2

for the uneven power dynamic between employers and employees. Id. at 207. As discussed by the Cheeks' Court, certain provisions within a settlement agreement are unacceptable when subjected to judicial review. Id. Such provisions include: (1) restrictive confidentiality provisions; (2) overbroad releases that waive all claims, especially those with no connection to a plaintiff's wage-and-hour case; (3) and awards of attorney's fees without record support. Id. at 206 (quoting Lopez v. Nights of Cabiria, 96 F. Supp. 3d 170, 177-82 (S.D.N.Y. 2015).

In reviewing FLSA settlement agreements, Courts are ultimately seeking to determine if the parties' proposed resolution is "fair and reasonable." Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925(NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)). Although not an exhaustive list, this reasonableness determination includes review of the following factors:

> (1) [T]he plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

Id. (citing Medley v. Am. Cancer Soc., No. 10-CV-3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). Certain factors weigh against approving a settlement, including:

> (1) [T]he presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstances will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

Id. (internal quotation marks omitted). There is a strong presumption in favor of finding a proposed FLSA settlement agreement to be fair and reasonable because the Court can never be "in as good of a position as the parties to determine the reasonableness of an (sic) FLSA settlement." Martinez Aguilar v. VBFS Inc., No. 19-CV-621(JLC), 2020 WL 1036071, at *1

(S.D.N.Y. Mar. 3, 2020) (internal quotation marks omitted) (quoting Souza v. 65 St. Marks Bistro, No. 15-CV-327(JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015)); Cortes v. Bronx Bar and Grill, LLC, No. 19-CV-2819(SN), 2019 WL 6318430, at *1 (S.D.N.Y. Nov. 25, 2019) (quoting Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)).

**II. The Parties' Settlement Agreement**

The terms of the parties' agreement are simple. The agreement states that defendants agree to pay plaintiff $25,000 to settle plaintiff's claims, inclusive of attorney's fees. Mot. Settle. 1; Settle. Agreement 1. Within seven days of Court approval of the agreement, defendants will issue two checks, one payable to plaintiff in the amount of $16,030 and the other payable to plaintiff's counsel in the amount of $8,970. Settle. Agreement ¶ 1. In exchange for payment, "Plaintiff…hereby releases and forever discharges, to the maximum extent permitted by law, Defendants…from all causes of action and claims which were alleged in the Complaint filed in the action, specifically including Fair Labor Standards Act and New York Labor Law…." Id. ¶ 2. The parties consent to this Court's continuing jurisdiction to enforce the terms of the agreement. Id. ¶ 8.

   **B. The Parties' Agreement is Reasonable**

The Court looks to the factors discussed in Wolinsky v. Scholastic, Inc. when determining the reasonableness of the settlement. The first factor is the range of possible recovery. Wolinsky, 900 F. Supp. 2d at 335. A determination "whether a settlement amount is reasonable 'is not susceptible to a mathematical equation yielding a particularized sum'" but must account for "'the uncertainties of law and fact in any particular case.'" Bryant v. Potbelly

Sandwich Works, LLC, No. 17-CV-7638(CM)(HBP), 2020 WL 563804, at *5 (S.D.N.Y. Feb. 4, 2020) (first quoting In re Austrian & German Bank Holocaust Litig., 80 F. Supp. 2d 164, 178 (S.D.N.Y. 2000); then quoting Henry v. Little Mint, Inc., No. 12 Civ. 3996(CM), 2014 WL 2199427, at *10 (S.D.N.Y. May 23, 2014). The factors to be considered also include the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses [and] the seriousness of the litigation risks faced by the parties." Wolinsky, 900 F. Supp. 2d at 335 (internal quotation marks omitted) (quoting Medley, 2010 WL 3000028, at 1*).

Here, plaintiff's choice to settle this matter is an acknowledgment of the risks of litigation. Mot. Settle. 2. Defendants did provide records regarding plaintiff's employment, although plaintiff would dispute their accuracy. Plaintiff also acknowledges the general uncertainties that accompany any trial. Mot. Settle. 2. The settlement eliminates the risks presented by continued litigation and provides certainty about plaintiff's recovery. See Chun Lan Guan v. Long Island Bus. Inst., Inc., No. 15-CV-2215(CBA)(VMS), 2020 WL 1289517, at * 3 (E.D.N.Y. Mar. 18, 2020). The desire to avoid these risks weighs in favor of settlement approval. See Cionca v. Interactive Realty, LLC, No. 15-CV-5123(BCM), 2016 WL 3440554, at *2 (S.D.N.Y. June 10, 2016) (finding a settlement amount reasonable given the "risk and expense" of further litigation).

The Court must also consider whether the settlement "is the product of arm's length bargaining" between the parties. Wolinsky, 900 F. Supp. 2d at 335 (quoting Medley, 2010 WL 3000028, at 1). The parties achieved the present settlement after four hours of negotiation with the assistance of a Court-appointed mediator. Mot. Settle. 1. The mediator's involvement supports a finding that the parties' negotiations were fair, and the final product is reasonable. See

Vidal v. Eager Corp., No. 16-CV-979(RRM)(ST), 2018 WL 1320659, at *2 (E.D.N.Y. Mar. 13, 2018) (finding the use of mediation to suggest "arm's length bargaining"); Flores v. Mamma Lombardi's of Holbrook, Inc., 104 F. Supp. 3d 290, 305 (E.D.N.Y. 2015) (approving a settlement reached after mediation).

### C. The Parties' Agreement is Proper

FLSA settlements which purport to waive all claims against a defendant, including those unrelated to wage-and-hour issues, should be rejected. Cheeks, 796 F.3d at 206 (citation omitted); Gurung v. White Way Threading, LLC, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (collecting cases). Rather than protect plaintiffs, overbroad releases are ripe for abuse and their use was one of the factors which contributed to the Second Circuit's decision in Cheeks, requiring judicial review of FLSA settlements. Id. (quoting Cheeks, 796 F.3d at 206)). Courts generally approve release provisions which, by their specific terms, are limited to wage and hour claims. See, e.g., Flores Galloso v. 3821 Food Corp., No. 20-CV1940(RA), 2021 WL 860343, at *2 (S.D.N.Y. Mar. 8, 2021) (collecting cases); Pena v. NB Network Sols., Inc., No. 19-CV-1681(RA); 2020 WL 2614767, at *2 (S.D.N.Y. May 22, 2020); Abreu v. Congregation Yetev Lev D'Satmar Meats & Poultry, Inc., No. 17-CV-272(KAM)(LB) 2019 WL 2526087, at *7 (E.D.N.Y. June 19, 2019).

The parties' settlement agreement's release provision is narrowly tailored. In pertinent part, it states "Plaintiff…hereby releases and forever discharges, to the maximum extent permitted by law, Defendants…from all causes of action and claims which were alleged in the Complaint filed in the action, specifically including Fair Labor Standards Act and New York Labor Law…concerning unpaid wages including overtime wages, record-keeping violations and

failure to provide proper wage statements, which plaintiff now has or has ever had." Settle. Agreement ¶ 2. This release, limited to unpaid wages and wage statement violations, should be approved. See Wiles v. Logan Staffing Sols., No. 18-CV-9953(RA), 2020 WL 996735, at *2 (S.D.N.Y. Mar. 2, 2020) (approving a release limited to unpaid wages); Yunda v. SAFI-G, Inc., No. 15 Civ. 8861(HBP), 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017) (approving of a release which is limited to FLSA claims).

Non-disparagement clauses and confidentiality provisions, which bar plaintiffs from making public statements about their wage claims, may not be included in a FLSA settlement. See Souza v. 65 St. Marks Bistro, No. 15-CV-327(JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015); Alt v. Social Impact 360, Inc., No. 20 Civ. 4478(ER), 2020 WL 8509845, at *1 (S.D.N.Y. Dec. 2, 2020). The instant settlement agreement does not contain any such clause.

### D. Attorney's Fees and Costs

Prevailing plaintiffs are entitled to recover reasonable attorney's fees under both the FLSA and the NYLL but must provide adequate documentary support for the requested amount. Fisher v. SD Prot. Inc., 948 F.3d 593, 600 (2d Cir. 2020) (citing N.Y. State Ass'n for Retarded Child, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983)). Although district courts in the Second Circuit frequently apply a proportionality limit to attorney's fees in FLSA cases, nothing in the statute requires that fees be proportional to the total award amount. Id. at 603. Courts must consider the reasonableness of requested fee amounts in the context of the entire FLSA settlement agreement. See id. at 606.

The lodestar amount, the product of the attorney's hourly rate and the time spent working on the case, is often used to evaluate the reasonableness of requested attorney's fees. See

Cegueda-Juarez v. Cleanwear USA 2, Inc., 18-Civ-1604(PAC), 2019 WL 5485253, at *2 (S.D.N.Y. Oct. 25, 2019); Scott v. BK Beasts LLC, No. 17-CV-699(RRM)(PK), 2018 WL 2088280, at *2 (E.D.N.Y. May 3, 2018) (citing Frank v. Eastman Kodak Co., 228 F.R.D. 174, 189 (W.D.N.Y. 2005)). The Court will also look to "(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations." Cegueda-Juarez, 2019 WL 5485253, at *2 (citing Lopez v. Ploy Dee, Inc., No 15-CV-647(AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016)).

    Plaintiff requests attorney's fees of $8,970, inclusive of costs in the amount of $956. Mot. Settle. 4. This amount is approximately one-third of the overall settlement. Plaintiff's billing records, provided with the parties' motion papers, document the time spent working on this matter and the hourly rates of the personnel at plaintiff's counsel's firm. ECF No. 16-2. The Court has reviewed the records provided by counsel and, given the facts and circumstances of this case, finds the requested one-third of the overall settlement to be reasonable and comparable with other amounts awarded in FLSA cases in this Circuit. See Pucciarelli v. Lakeview Cars, Inc., No. 16-CV-4751(RRM)(RER), 2017 WL 2778029, at *2 (E.D.N.Y. June 26, 2017). Counsel also provided receipts which document the costs of this litigation, including the filing fee as well as payments made for service of process and the mediation. ECF No. 17. I find the documented costs and attorney's fees reasonable and therefore recommend that they should be approved.[3]

---

[3] Plaintiff supplemented her original motion to provide receipts for her requested costs. ECF No. 17.

## CONCLUSION

Accordingly, I respectfully recommend that the parties' instant motion for settlement approval should be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: May 5, 2021
       Brooklyn, New York